IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, #02198087, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-1636-D-BK |
| STATE OF TEXAS, | § § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Deondray Raymond Mason's *pro se* motion for temporary restraining order should be **DENIED**. Doc. 6.

Mason has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Along with his motion to proceed *in forma pauperis*, he filed a motion that seeks, among other things, a temporary restraining order against "any all State and Government public and private individuals, agencies, departments, and officials as well as contractors, volunteers, and employees to prevent any further life threatening reckless endangerment that will result in additional mental, physical, spiritual, and financial injury." Doc. 6 at 3. Judicial screening of his habeas petition is pending. *See* Rule 4 of the Rules Governing Section 2254 habeas cases.

To the extent that Mason seeks an *ex parte* restraining order, he fails to make the requisite showing.

Federal Rule of Civil Procedure 65 provides that "[t]he Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

      (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

      (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Mason has failed to provide specific facts in an affidavit or a verified complaint or petition that clearly show that immediate and irreparable injury, loss, or damage will result. In addition, he has not certified in writing any efforts made to give notice to the Respondent and the reasons why notice should not be required before a temporary restraining order is issued. Thus, having failed to comply with the legal requirements of Rule 65(b)(1), his request for a temporary protective order should be **DENIED**.

**SO RECOMMENDED** on August 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).