IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEONDRAY RAYMOND MASON, §<br>    #02198087, §<br>                    PETITIONER, §<br>                                §<br>v.                              § CIVIL CASE NO. 3:23-CV-1636-D-BK<br>                                §<br>STATE OF TEXAS, §<br>                    RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Deondray Raymond Mason's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the entry of findings and a recommended disposition when appropriate. As detailed here, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

Mason has an extensive and abusive filing history. He has filed over 30 cases in this Court over the past three years and attempted to revive several other closed cases through motions to amend. The Amarillo Division recently declared him a vexatious litigant and permanently enjoined him from filing any civil action in this Court without first receiving court permission. *Mason v. Smith*, No. 2:23-CV-172-BR (N.D. Tex., Amarillo Div., Dec. 18, 2023).

Mason filed the petition for writ of habeas corpus in this case, one of a spate of filings, on July 31, 2023. Doc. 3. He challenges his 2018 Ellis County conviction for burglary of a habitation, alleging that counsel abandoned him, failed to communicate with him, and failed to

inform him of his right to appeal. Doc. 3 at 1, 6-8.

Because the petition was not filed on the appropriate form, the Court twice issued a deficiency order requiring Mason to file on the form used for actions under 28 U.S.C. § 2254. Doc. 8; Doc. 10. Rather than comply, on September 19, 2023, Mason filed a habeas corpus petition in this Court seeking state habeas relief, which was assigned a new case number. *See Mason v. Director*, No. 3:23-CV-2102-E-BN. Mason subsequently filed an amended § 2254 petition in that case; but because the one-year limitations period had long elapsed, the petition was dismissed with prejudice as time barred. *See Mason v. Director*, No. 3:23-CV-2102-E-BN, 2023 WL 7544545, at *4 (N.D. Tex. Oct. 20, 2023), *supplemented*, 2023 WL 7544511 (N.D. Tex. Oct. 30, 2023), *R. & R. adopted*, 2023 WL 7549193 (N.D. Tex. Nov. 14, 2023).

On September 27, 2023, Mason also filed a lengthy supplemental pleading in instant case (over 80 pages) that includes copies of amended complaints in three closed civil actions.[1] Doc. 13 at 1-10 (referencing Northern District Case No. 5:22-CV-301); Doc. 13 at 11-7 (referencing Eastern District Case No. 6:20-CV-570); Doc. 13 at 18-24 (referencing Southern District Case No. 3:20-CV-330). It also includes pages of correspondence, grievances, and handwritten notes that are difficult to discern. Doc. 3 at 25-82. Despite the length of the supplemental filing, it nevertheless fails to comply with the Court's deficiency orders, requiring the filing of an amended habeas petition challenging his Ellis County conviction. Doc. 8; Doc. 10.

**II. ANALYSIS**

Notwithstanding the pleading deficiencies, the petition in this case is now a successive petition, based on Mason's intervening habeas filing and its disposition by the Court, as

---

[1] The pleading was originally mis-docketed as an amended habeas petition, but the entry was recently corrected to reflect that it is a supplemental pleading. Doc. 13.

recounted *supra*. And Mason has not obtained prior authorization to file a successive application from the court of appeals.

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first permitted the petitioner to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Mason must obtain such an order before he can file a successive application challenging his conviction. Therefore, his petition should be dismissed without prejudice for want of jurisdiction.

### III. CONCLUSION

Mason's successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit.

**SO RECOMMENDED** on January 26, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).